UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIKO OKI,<br><br>        Plaintiff,<br><br>   v.<br><br>TRANSUNION LLC, et al.,<br><br>        Defendants. | Case No. 25-cv-08070-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 20, 23, 24, 44, 51 |

Pending before the Court are five motions to dismiss Plaintiff's complaint. The Court finds these appropriate for disposition without oral argument and the motions are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motions.

### I.  BACKGROUND

In September 2025, pro se Plaintiff Saiko Oki filed a lawsuit against Defendants TransUnion LLC ("TransUnion"), Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), Wells Fargo Bank, N.A. ("Wells Fargo"), Redwood Credit Union, Maximus Education, LLC d/b/a Aidvantage ("Aidvantage"), and the Higher Education Loan Authority of the State of Missouri ("MOHELA"). *See* Dkt. No. 1 ("Compl."). Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, generally alleging that Defendants "failed to reasonably investigate or correct inaccuracies" in Plaintiff's credit information, "damaging Plaintiff's creditworthiness" and causing reputational harm and significant emotional distress. *Id.* ¶¶ 5–6, 31. Defendant Redwood Credit Union answered. Dkt. No. 27. All other Defendants moved to dismiss. Dkt. No. 20 (TransUnion); Dkt. No. 23 (Equifax); Dkt. No. 24 (Wells Fargo); Dkt. No. 34 (Experian's joinder of TransUnion and

1  Equifax's motions); Dkt. No. 44 (Aidvantage); Dkt. No. 51 (MOHELA).

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Nevertheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

**III.   DISCUSSION**

      **a. TransUnion's Motion to Dismiss (Dkt. No. 20)**

Plaintiff alleges that she mailed a written dispute to TransUnion "identifying multiple inaccuracies in the reporting of tradelines, including Redwood Credit Union, Wells Fargo Bank, Aidvantage, and MOHELA accounts," and that "[d]espite receipt, TransUnion failed to conduct a reasonable reinvestigation or provide Plaintiff with a corrected report within 30 days." Compl. ¶¶ 34, 36. These "repeated failures to assure accuracy and to reinvestigate" allegedly "constitute willful and/or negligent violations of 15 U.S.C. §§ 1681e(b) and 1681i." *Id.* ¶ 41. Accordingly, Plaintiff brings actions under 15 U.S.C. § 1681e(b) for failure to follow reasonable procedures, 15 U.S.C. § 1681i(a)(1)(A) for failure to conduct a reasonable reinvestigation, and 15 U.S.C. §§ 1681n and 1681o for willful and negligent noncompliance with those sections. *Id.* ¶¶ 120–35.

TransUnion moves to dismiss each of Plaintiff's claims against it. Dkt. No. 20 ("TransUnion Mot."). TransUnion argues that "Plaintiff's Complaint does not specify what information [TransUnion] reported regarding the Account, much less how it was inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation." *Id.* at 6. Plaintiff does not directly respond, instead summarily arguing that "she submitted written disputes to TransUnion identifying inaccurate information . . . and that TransUnion failed to reasonably investigate, correct, or delete those inaccuracies," and that any question about whether this was reasonable is "a question of fact not suitable for resolution at the pleading stage." Dkt. No. 29 at 3.

Under either § 1681e(b) or § 1681i, a plaintiff must allege that a credit reporting agency ("CRA") prepared a report containing inaccurate information. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (§ 1681e(b)); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) (§ 1681i). Information in a credit report is inaccurate if it "either is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotation omitted).

3

Plaintiff alleges that she sent TransUnion a written dispute that "identified errors in Plaintiff's personal information, including outdated addresses and an incorrect employer listing." Compl. ¶ 34. She also cites four "identified factual discrepancies": (1) "Conflicting 'Date Last Active' entries (05/15/2025 vs. 05/01/2025);" (2) "Inconsistent 'High Credit' reporting ($10,547 vs. $0);" (3) "Duplicative MOHELA entries; and" (4) "Inaccurate personal identifiers." *Id.* ¶ 35. TransUnion argues that Plaintiff's claimed inaccuracies are just "perceived discrepanc[ies]" and "vague, generalized factual allegations [that] cannot provide the basis for" Plaintiff's claims. TransUnion Mot. at 7.

Plaintiff's allegations of inaccuracy are too unclear and conclusory to push her claims "across the line from conceivable to plausible," *see Twombly*, 550 U.S. at 569, though they may be able to support a claim with additional factual allegations on amendment.[1] Plaintiff's claims that there were "outdated addresses," "incorrect employer information," and "inaccurate personal identifiers" are too vague and conclusory for the Court to credit, and insufficient to "put Defendant on notice of what was allegedly inaccurate about the reporting." *See O'Connor v. Cap. One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *6 (N.D. Cal. May 29, 2014).[2] Plaintiff's allegations about the inconsistent "High Credit" reporting and conflicting "Date Last Active" entries include more factual detail, but the Court cannot tell what these values were inconsistent or conflicting with. An inconsistent report is not necessarily an inaccurate or misleading report. Finally, Plaintiff's vague allegation about duplicative MOHELA entries has a similar issue, as the Court does not understand what Plaintiff is alleging was inaccurate.[3] Thus, the Court dismisses

---

[1] TransUnion cites several out-of-circuit cases holding that allegations of discrepancies across reporting agencies do not suffice to show inaccuracies, without more. *See* TransUnion Mot. at 7. But several of Plaintiff's allegations—such as incorrect employer information and duplicative MOHELA entries—appear to refer to inaccuracies, not discrepancies between reports.

[2] If Plaintiff provided more specificity in her written disputes to Defendant, it may already know what was allegedly inaccurate about the reporting. But the Court cannot determine that from the generic assertions here.

[3] In addition, these inaccuracies alone—even if adequately alleged—do not necessarily establish standing for Plaintiff's claims. "[N]ot all [FCRA] inaccuracies cause harm or present any material risk of harm. . . . [For example,] [i]t is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342, (2016), *as revised* (May 24, 2016). Plaintiff alleges that her reputation and creditworthiness

4

these claims.[4]

TransUnion also argues that Plaintiff has not adequately pleaded a willful violation under § 1681o. TransUnion Mot. at 8. The FCRA provides a private right of action for willful or negligent violations. 15 U.S.C. §§ 1681n (willful), 1681o (negligent). To prove a willful violation, a plaintiff must show that a defendant knowingly or recklessly violated the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). "[A] violation is only reckless (and therefore willful) where [a defendant] adopts a reading of the statute that runs a risk of error '*substantially greater than* the risk associated with a reading that was merely careless.'" *Syed v. M–I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017) (quoting *Safeco*, 551 U.S. at 69) (emphasis in original). To prove a negligent violation, a plaintiff must show that a defendant's negligent noncompliance resulted in actual damages. 15 U.S.C. § 1681o; *see also Guimond*, 45 F.3d at 1333 (holding that negligent noncompliance requires a plaintiff to plead actual damages). Because the Court finds that Plaintiff has failed to plead an underlying FCRA violation, Plaintiff has not stated a claim for her §§ 1681n and 1681o claims, and the Court need not reach this issue. *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1010 (N.D. Cal. 2017). Nevertheless, the Court notes that Plaintiff's complaint contains only conclusory allegations that TransUnion (and Defendants more broadly) acted willfully.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes [her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of*

---

were impacted by Defendants' actions, and that she suffered emotional distress. Compl. ¶ 31. But she does not explain how, and it's not clear how an outdated address, for example, caused concrete injury. Other allegations, such as duplicative MOHELA entries, might more obviously confer standing on amendment.

[4] The Court does not reach TransUnion's argument that Plaintiff did not allege its "failure to maintain reasonable procedures [under § 1681e(b)] or conduct a reasonable reinvestigation [under § 1681i]." TransUnion Mot. at 6. On amendment, Plaintiff should ensure she has adequately pleaded these elements of her claims against each Defendant. *Cf. Thompson v. Equifax*, No. 24-CV-08904-VC, 2025 WL 1635651, at *1 (N.D. Cal. June 9, 2025) (dismissing a claim where plaintiff had "not alleged the unreasonableness of [defendant's] procedures for assessing accuracy and reinvestigation because it [was] not clear what he said in his disputes to [defendant], what supporting documentation he attached, or whether [defendant] ever responded to any of his disputes").

5

*Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  Here, Plaintiff's complaint fails to provide the necessary "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted).  The Court thus **GRANTS** TransUnion's motion and **DISMISSES** Plaintiff's claims against TransUnion.

### b. Equifax's Motion to Dismiss (Dkt. No. 23)

Plaintiff brings claims against Equifax that are nearly identical to those against TransUnion, alleging that she mailed two written disputes to Equifax, but it "continued reporting inaccuracies."  Compl. ¶¶ 52–53.  She brings claims for violations of §§ 1681e(b), 1681i, 1681n, and 1681o.  *Id.* ¶¶ 148–57.

Equifax moves to dismiss each of Plaintiff's claims against it.  Dkt. No. 23 ("Equifax Mot.").  Equifax argues that "specifics as to which account [Plaintiff] disputed and how the reporting of the account was allegedly inaccurate [are] nonexistent."  Equifax Mot. at 3.  The Court agrees.  Unlike for TransUnion, Plaintiff does not attempt to list inaccuracies in Equifax's reporting, and she is unable to point to any non-conclusory facts about the inaccuracies in her opposition.  *See* Dkt. No. 30 at 3.  As a result, Plaintiff has failed to state a claim for violations of §§ 1681e(b) and 1681i.  *See Guimond*, 45 F.3d at 1333; *Dennis*, 520 F.3d at 1069.  This also means she has not adequately alleged an underlying violation giving rise to liability under §§ 1681n and 1681o.  *Demay*, 279 F. Supp. 3d at 1010.  The Court **GRANTS** Equifax's motion and **DISMISSES** Plaintiff's claims against Equifax.[5]

### c. Experian's Joinder (Dkt. No. 34)

Experian did not file its own motion to dismiss, instead joining TransUnion and Equifax's near-identical motions.  *See* Dkt. No. 34.  Plaintiff's claims against Experian are nearly identical to her claims against Equifax and TransUnion.  She brings claims asserting violations of §§ 1681e(b), 1681i, 1681n, and 1681o.  Compl. ¶¶ 136–47.  She alleges that Experian included "conflicting dates, balances, and identifiers," *id.* ¶ 138, and lists four disputed inaccuracies: (1) "Wells Fargo Card Services (erroneous 'Date Last Active' and 'High Credit');" (2) "Redwood

---

[5] The Court does not address Equifax's remaining arguments, but the Court notes that the same problems identified in Plaintiff's claims against TransUnion apply throughout her complaint.

1  Credit Union (incorrect balance and date of last payment);" (3) "Aidvantage and MOHELA
2  (inaccurate loan status and balances);" and (4) "Outdated employer history and addresses." *Id.*
3  ¶ 44.

4  These allegations move Plaintiff closer to a cognizable claim of inaccuracy, and with more
5  detail they could well be enough. Unlike for TransUnion, Plaintiff's allegations against Experian
6  link specific problems to specific tradelines, and there are clear allegations that the balances, loan
7  status, "High Credit" field, and "Date Last Active" field were incorrect. But these allegations lack
8  factual support for the Court and Defendant to understand what was allegedly inaccurate about
9  these values. *Cf. Reeder v. Trans Union LLC*, No. EDCV 25-1194 JGB (SHKX), 2025 WL
10 3672950, at *4 (C.D. Cal. Dec. 17, 2025) (finding claim adequately stated where there were
11 specific details about "incorrect balances, incorrect dates, and incorrect data"); *see also Pirzinger*
12 *v. Trans Union LLC*, No. 25-CV-01760 (PMH), 2025 WL 3206740, at *3 (S.D.N.Y. Nov. 17,
13 2025) ("Plaintiff simply makes a conclusory allegation that the balance amount is incorrect.
14 Plaintiff does not explain *why* the amount is incorrect." (emphasis in original)).

15 As a result, Plaintiff has failed to state a claim for violations of §§ 1681e(b) and 1681i.
16 *See Guimond*, 45 F.3d at 1333; *Dennis*, 520 F.3d at 1069. This also means she cannot state an
17 underlying violation giving rise to liability under §§ 1681n and 1681o. *Dema*, 279 F. Supp. 3d at
18 1010. The Court **DISMISSES** Plaintiff's claims against Experian.

### d. Wells Fargo's Motion to Dismiss (Dkt. No. 24)

20 Plaintiff brings claims against Defendant Wells Fargo for violation of §§ 1681s-2(b),
21 1681e(b), 1681i, 1681n, and 1681o for failure to correct or delete inaccurate information. Compl.
22 ¶¶ 158–66. Wells Fargo moves to dismiss each of Plaintiff's claims against it. Dkt. No. 24 ("WF
23 Mot."). Wells Fargo argues that (1) § 1681s-2(b) requires an allegation that a CRA gave a
24 furnisher notice of a customer's dispute; (2) §§ 1681i and 1681e(b) do not apply because Wells
25 Fargo is not a CRA; and (3) Plaintiff has not alleged that Wells Fargo acted negligently or
26 willfully under §§ 1681n and 1681o. WF Mot. at 4.[6]

---

[6] The Court **STRIKES** Wells Fargo's reply, Dkt. No. 48, which was submitted more than a week after the deadline. The Court does not consider the reply in this order. The Court expects that

First, as Plaintiff appears to concede, "[§ 1681s-2(b)] duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gormon*, 584 F.3d at 1154; Compl. ¶ 159 (alleging that "[f]urnishers must, upon receiving notice of a dispute from a consumer reporting agency, conduct a reasonable investigation"). "To state a claim under [§ 1681s-2(b)], a plaintiff must show that: (1) [s]he found an inaccuracy in h[er] credit report; (2) [s]he notified a credit reporting agency; (3) *the credit reporting agency notified the furnisher of the information about the dispute*; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(b)(1)(A)–(E)." *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (quotation omitted and cleaned up) (emphasis added). Plaintiff alleges she disputed inaccurate reporting in her Wells Fargo account directly, Compl. ¶¶ 59, 61, but she does not allege that a CRA sent notice of her dispute to Wells Fargo. Plaintiff does not meaningfully respond to Wells Fargo's argument on this point. *See* Dkt. No. 31 at 3. Thus, the Court dismisses her § 1681s-2(b) claim. *Cf. Khankin v. JLR San Jose, LLC*, No. 3:23-CV-06145-JSC, 2024 WL 2274445, at *2 (N.D. Cal. May 17, 2024) (dismissing claims for same reason).[7]

Second, Wells Fargo argues that it is not a CRA and is not liable under §§ 1681i and 1681e(b). WF Mot. at 6. The FCRA defines a CRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). While Plaintiff explicitly pleads that TransUnion, Experian, and Equifax are CRAs, Compl. ¶¶ 121, 137, 148, Plaintiff pleads that Wells Fargo "is a furnisher under the FRCA," *id.* ¶ 159. Her §§ 1681e(b) and 1681i claims are only brought "to the extent Wells Fargo also acted in whole or in part as a

---

counsel will scrupulously comply with all deadlines in the future.

[7] Wells Fargo also argues that Plaintiff does not state what information was inaccurate or how. WF Mot. at 5. The Court does not reach this argument, but Plaintiff should review the Court's earlier analysis and ensure she is adequately pleading inaccuracies if she chooses to amend her claims.

consumer reporting agency." *Id.* ¶ 160. But Plaintiff does not plead any facts from which this Court can reasonably infer that Wells Fargo is a CRA, and Plaintiff does not respond to Wells Fargo's argument on this point. *See generally* Dkt. No. 31; *see also Cupp v. LexisNexis Sols.*, No. 24-CV-00833-JD, 2025 WL 621990, at *2 (N.D. Cal. Feb. 26, 2025) (rejecting conclusory allegations that defendant was a CRA). The Court dismisses Plaintiff's §§ 1681i and 1681e(b) claims.[8]

Finally, Wells Fargo argues that Plaintiff has not alleged that Wells Fargo acted willfully or negligently. WF Mot. at 8. As before, because the Court has dismissed all of Plaintiff's claims against Wells Fargo for violations of the FCRA, there is no alleged noncompliance that Wells Fargo could have committed negligently or willfully. As a result, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiff's claims against Wells Fargo.

### e. Aidvantage's Motion to Dismiss (Dkt. No. 44)

Plaintiff brings claims against Defendant Aidvantage for violation of §§ 1681s-2(b), 1681e(b), 1681i, 1681n, and 1681o for failure to correct or delete inaccurate information. Compl. ¶¶ 176–84. Aidvantage moves to dismiss each of Plaintiff's claims against it. Dkt. No. 44 ("Aidvantage Mot."). Like Wells Fargo, Aidvantage argues that Plaintiff does not allege that Aidvantage "received notice of her dispute from any CRA," that Aidvantage is a CRA liable under §§ 1681e(b) or 1681i, or that it acted willfully and/or negligently. *Id.* at 6, 9.

First, Plaintiff only alleges that she contacted Aidvantage directly and does not allege that Aidvantage received notice from a CRA. *See* Compl. ¶¶ 76–77. Plaintiff argues that she alleged that "[s]he submitted a dispute to all three CRAs regarding Aidvantage's reporting of student loan accounts." Dkt. No. 53 at 3. This is an essential element of her claim. *See Biggs*, 209 F. Supp. 3d at 1144 (requiring a plaintiff plead that she notified a CRA). But she must additionally allege that

---

[8] As a practical matter, the Court is not sure that Plaintiff can allege that Wells Fargo "regularly engages" in assembling or evaluating consumer information "for the purpose of furnishing consumer reports to third parties" such that it is a CRA. 15 U.S.C. § 1681a(f). But this is a factual question about the company's services, so the Court grants leave to amend these claims.

Once more, the Court does not reach Wells Fargo's further argument that Plaintiff has not adequately pleaded the §§ 1681i and 1681e(b) claims. WF Mot. at 7–8.

one of those CRAs reported the dispute to Aidvantage. *See id.* Because Plaintiff has not alleged that Aidvantage received notice of Plaintiff's dispute from a CRA, the Court dismisses Plaintiff's § 1681s-2(b) claim against Aidvantage.

Second, Plaintiff alleges that Aidvantage "is a furnisher under the FCRA" and alleges her theories about §§ 1681e(b) and 1681i in the alternative where "Aidvantage also acted in whole or in part as a consumer reporting agency," despite providing no factual allegations suggesting Aidvantage ever did so. Compl. ¶¶ 177–78. The Court thus dismisses Plaintiff's §§ 1681e(b) and 1681i claims for failure to allege that Aidvantage is a CRA.

Finally, because the Court has dismissed the underlying violations, it also dismisses her §§ 1681n and 1681o claims against Aidvantage. As a result, the Court **GRANTS** Aidvantage's motion and **DISMISSES** all of Plaintiff's claims against Aidvantage.[9]

### f. MOHELA's Motion to Dismiss (Dkt. No. 51)

Plaintiff brings claims against Defendant MOHELA for violation of §§ 1681s-2(b), 1681e(b), 1681i, 1681n, and 1681o for failure to correct or delete inaccurate information. Compl. ¶¶ 185–93. MOHELA moves to dismiss each of Plaintiff's claims against it. Dkt. No. 51 ("MOHELA Mot."). Like Wells Fargo and Aidvantage, MOHELA argues that Plaintiff does not allege that MOHELA received notice of her dispute from any CRA, that MOHELA is a CRA liable under §§ 1681e(b) or 1681i, or that MOHELA acted willfully and/or negligently. *Id.* at 3, 10.

First, Plaintiff only alleges that she sent notice of her dispute directly to MOHELA and does not allege that MOHELA received notice from a CRA. Compl. ¶¶ 84–85. Plaintiff argues that "she submitted dispute letters to TransUnion and Experian identifying inaccuracies in MOHELA-related tradelines" and that "MOHELA was included in those disputes and was thus notified by the CRAs pursuant to their reinvestigation obligations under § 1681i(a)." Dkt. No. 57 at 2. But as the Court discussed for Aidvantage, the fact that Plaintiff notified the CRAs establishes only part of her burden, and she must still allege that those CRAs notified MOHELA

---

[9] Aidvantage also argues that Plaintiff cannot pursue injunctive or equitable relief under the alleged sections of the FCRA. Aidvantage Mot. at 8–9. The Court does not reach this argument.

to state a claim. Because Plaintiff has not alleged that MOHELA received notice of Plaintiff's dispute from a CRA, the Court dismisses Plaintiff's § 1681s-2(b) claim against MOHELA.

Second, Plaintiff alleges that MOHELA "is a furnisher under the FCRA," not a CRA. Compl. ¶¶ 186–87. In her opposition, Plaintiff disavows her §§ 1681e(b) and 1681i(a) claims and states that her "claims against [MOHELA] are based solely on its statutory obligations under § 1681s-2(b)." Dkt. No. 57 at 3. The Court thus dismisses Plaintiff's §§ 1681e(b) and 1681i claims for failure to allege that MOHELA is a CRA.

Because there are no underlying violations to trigger liability for §§ 1681n and 1681o, the Court **GRANTS** MOHELA's motion and **DISMISSES** all of Plaintiff's claims against MOHELA.

## IV.     CONCLUSION

Defendants' motions, Dkt. Nos. 20, 23, 24, 44, 51, are **GRANTED**. Plaintiff's claims against Defendants TransUnion, Equifax, Experian, Wells Fargo, Aidvantage, and MOHELA are **DISMISSED WITH LEAVE TO AMEND**.[10] Any amended complaint must be filed within 28 days of the date of this order. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint may be dismissed if she does not correct the deficiencies the Court has identified in this order.

The Court further advises Plaintiff, who is representing herself, that she can seek assistance at the Legal Help Center if she desires assistance complying with this order. The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at https://cand.uscourts.gov/representing-yourself. Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

//

//

---

[10] Defendant Redwood Credit Union did not move to dismiss Plaintiff's claims, *see* Dkt. No. 27, so the Court's order does not fully dismiss the claims in the complaint.

**IT IS SO ORDERED.**

Dated: 12/23/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge